IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRYL D. DIGGS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11-cv-00439 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| J. MCCARGO, et al., | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Plaintiff, Darryl D. Diggs, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to protect him and denied him due process. Upon review of his complaint, however, the court finds that Diggs has not exhausted all available administrative remedies before filing this action, and therefore, the court dismisses his suit without prejudice pursuant to 42 U.S.C. § 1997e(a).

**I.**

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In this case, Diggs concedes that he did not pursue his grievance to the highest level of review.[1] Because Diggs has not exhausted all available administrative remedies before filing this action, the court dismisses his suit without prejudice for failure to exhaust.

---

[1] Diggs, who is housed in a Virginia Department of Corrections facility, alleges that he filed a grievance on October 7, 2010 and that he never received a response. He concedes that he did not appeal. However, pursuant to D.O.P. 866.1, where an inmate receives no response within the time limit (30 calendar days), the grievance shall qualify for appeal to the next level of review. Diggs had two additional levels of review that he never pursued. Accordingly, his claims were not fully exhausted prior to the filing of this action.

## II.

For the stated reasons, Diggs' action is dismissed without prejudice pursuant to §1997e(a) for failure to exhaust.

**ENTER**: This 15th day of September, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE